639 F.2d 453
 Wayne BESLER; Alvin Babb; Douglas Beckham; Richard Orwick,
on behalf of themselves and all others similarly
situated, Appellees,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE; Commodity Credit
Corporation of the United States Department of Agriculture;
South Dakota State Agricultural Stabilization and
Conservation Service Committee and their Employees, Agents
and Assigns, Appellants.
 No. 80-1435.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 16, 1981.
Decided Feb. 5, 1981.
 
 Terry L. Pechota, U. S. Atty., Shelley M. Stump, Asst. U. S. Atty., Sioux Falls, S. D., for appellants.
 John T. Hughes, Sturgis, S. D., for appellees.
 Before GIBSON, Senior Circuit Judge, and HEANEY and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by the United States of the district court's[1] denial of its motion to amend a declaratory judgment and award further relief pursuant to 28 U.S.C. § 2202. We reverse and remand to the district court.
 
 
 2
 The appellees were among a number of ranchers in South Dakota who applied for the purchase of feed grains from the Commodity Credit Corporation under the Emergency Livestock Feed Program (7 U.S.C. § 1427). These applications, made between October, 1974, and February, 1975, were initially approved by the state or county offices of the Agricultural Stabilization and Conservation Service. In December, 1975, the United States Department of Agriculture determined that the ranchers were ineligible for the program and demanded that they repay the difference between the market price at the time of purchase and the "support price" paid to the Commodity Credit Corporation. The ranchers were notified that if they did not repay the amounts owed, the debts would be set off against any future program benefits they may become eligible for by the use of the Commodity Credit Corporation debt register. 7 U.S.C. § 1427; 7 C.F.R. § 13.1 et seq. A group of ranchers then filed an action in federal district court seeking declaratory and injunctive relief barring collection of the benefits erroneously accrued. The suit was certified as a class action; the appellees are members of this class. On June 30, 1979, the district court granted summary judgment in favor of the United States, holding that it was not estopped from recovering the monies erroneously paid. Besler v. U. S. Department of Agriculture, No. 77-5016 (D.S.D. June 30, 1978). The ranchers did not appeal that decision.
 
 
 3
 The government subsequently made efforts to recover the monies due. The debt register was used and some of the ranchers agreed to repayment plans. On March 3, 1980, the United States filed a motion to amend the declaratory judgment and to award further relief. Its motion was accompanied by an affidavit claiming that demand had been made upon the appellees, and that they had refused to comply with the declaratory judgment. A total of $26,305.33 was allegedly still owing from the seven appellees. In its brief before the district court, the government stated that it had made "good faith efforts" to utilize the debt register, but that this method was "exhausted" as to the appellees. The district court, without a memorandum or hearing, entered an order denying the government's motion to amend. The government appeals.
 
 
 4
 We consider the issue to be whether the district court abused its discretion in denying the government's motion for supplemental relief. Cf. Alsager v. District Court of Polk County, 518 F.2d 1160 (8th Cir. 1975); Eastman Kodak Co. v. Studiengesellschaft Kohle, 392 F.Supp. 1152, 1157-1158 (D.Del.1975). That motion was filed pursuant to 28 U.S.C. § 2202, which provides:
 
 
 5
 Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by said judgment.
 
 
 6
 We hold that the district court erred in denying further relief. Although the court's order was issued without a memorandum, it is apparent that denial of the motion was based on the court's view that the government must use the Commodity Credit Corporation debt register to recoup its funds. There is, however, no statutory or regulatory basis for requiring the government to use this setoff method. Further, it is clear that this method has not been available against the appellees, and that it is not likely to be. A substantial period of time has elapsed since entry of the summary judgment in favor of the United States, and the appellees' debts are still outstanding. Although demand has been made upon all of the ranchers who erroneously received benefits and the government has successfully recouped the funds from many of them, they have been unable to either procure repayment from the appellees or to setoff benefits owing to the appellees by way of the debt register. The appellees have not averred that they will be receiving any future benefits from the Commodity Credit Corporation that the government may set off against the amounts presently owed. It is clear that the appellees are attempting to avoid repayment of funds that are admittedly due the government.
 
 
 7
 The declaratory judgment previously entered by the district court conclusively established the government's right to recoup the benefits received by the appellees. We remand to the district court, with orders to it to enter money judgments against the appellees and to determine the amounts owed.
 
 
 
 [1]
 The Honorable Andrew Bogue, United States District Judge for the District of South Dakota